FILED
United States Court of Appeals
Tenth Circuit

June 14, 2016

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

MICHAEL E. LUNNON,

Petitioner - Appellant,

v.

COMMISSIONER OF INTERNAL
REVENUE,

Respondent - Appellee.

No. 15-9007
(Tax. Ct. No. 13245-12L)
(United States Tax Court)

**ORDER AND JUDGMENT**[*]

Before **BRISCOE**, **GORSUCH**, and **McHUGH**, Circuit Judges.

Michael Lunnon, proceeding pro se, appeals an order of the United States

Tax Court affirming liability for unpaid employment and unemployment taxes.

Exercising jurisdiction under 26 U.S.C. § 7482(a)(1), we affirm.

Prior to 2009, Lunnon owned and operated a small business as a sole

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

proprietorship.[1]  Believing Lunnon had failed to pay employment and unemployment taxes since 2005, the Internal Revenue Service ("IRS") prepared the required returns on his behalf.  The IRS sent these returns to Lunnon, but he did not respond.  Thirty days later, the IRS processed the returns and assessed the tax liability.  The IRS then notified Lunnon of its intent to impose a levy and federal tax lien to recover the taxes owed.

Lunnon requested a hearing, which was held before the IRS Appeals Office. The Appeals Office sustained the proposed collection actions.  Lunnon appealed to the United States Tax Court, arguing in part that the IRS had failed to present him with documents supporting its claim against him, and objecting to the admission of new evidence on appeal.  The IRS moved to remand the case to the Appeals Office in order to address these concerns.  Remand was granted so that Lunnon might have an opportunity to review the documents supporting the IRS's claim—documents that would become a part of the record upon remand.  Lunnon did not oppose the motion.  On remand, Lunnon was provided those documents, as well as other documents the IRS had obtained while the case was pending before the Tax Court.  He was given an opportunity to rebut the newly added evidence, but failed to do so.  Accordingly, the Appeals Office again sustained the proposed collection activities.  Lunnon again timely appealed to the Tax

---

[1]  In 2009, this business was transferred to LG Kendrick, LLC, of which Lunnon was the sole member.  Two other appeals are pending before this court concerning the LLC's liability for similar unpaid taxes.

Court, which affirmed the Appeals Office. Lunnon now appeals to this Court.

Lunnon argues on appeal that the Tax Court erred in considering evidence that was not in the record when the Appeals Office made its *first* determination, i.e., before remand. This argument is meritless. As indicated above, the very purpose of the remand to the Appeals Office was to supplement the record with evidence supporting the IRS's action—a purpose Lunnon did not object to at the time. Remanding for such purpose is not only a common practice by the Tax Court, see, e.g., Hoyle v. Comm'r, 136 T.C. 463, 468–69 (2011), it is "the proper course" where "the record before the agency does not support the agency action," Weight Loss Healthcare Ctrs. of Am. v. Office of Pers. Mgmt., 655 F.3d 1202, 1212 (10th Cir. 2011) (quoting Fla. Power & Light Co. v. Lorion, 470 U.S. 729, 744 (1985)). The decision that the Tax Court ultimately reviewed—the *supplemental* determination of the Appeals Office—was decided based on the record *as supplemented on remand.* Accordingly, it was appropriate for the Tax Court to consider that same evidence on review.

We affirm.

Entered for the Court


Mary Beck Briscoe
Circuit Judge

- 3 -