T.C. Memo. 2018-54

UNITED STATES TAX COURT

EARNEST MACK, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 18133-16L.                    Filed April 18, 2018.

Earnest Mack, pro se.

David A. Indek and Nancy M. Gilmore, for respondent.

MEMORANDUM OPINION

LAUBER, Judge:  In this collection due process (CDP) case, petitioner

seeks review pursuant to sections 6320(c) and 6330(d)(1) of the determination by

the Internal Revenue Service (IRS or respondent) to uphold the filing of a notice

[*2] of Federal tax lien (NFTL) for 2009-2011.[1]  Respondent has moved for summary judgment under Rule 121, contending that there are no disputed issues of material fact and that his determination to sustain the proposed collection action was proper as a matter of law.  We agree and accordingly will grant the motion.

Background

The following facts are based on the parties' pleadings and respondent's motion, including the attached affidavit and exhibits.  Petitioner resided in Maryland when he filed his petition.

Petitioner was an information technology consultant during 2009-2011, doing business through a sole proprietorship called Axiom Theory Group.  In 2013 he filed delinquent Federal income tax returns for those years, reporting on each return a balance due.  Respondent assessed the tax as reported plus additions to tax under section 6651(a)(1) and (2) and section 6654.

In an effort to collect these unpaid liabilities the IRS filed on March 25, 2014, an NFTL reflecting aggregate liabilities of $30,969.  Petitioner timely requested a CDP hearing, indicating that he desired an installment agreement (IA), could not pay the balance due, wanted the IRS to withdraw the NFTL, and did not

---

[1]All statutory references are to the Internal Revenue Code in effect at all relevant times, and all Rule references are to the Tax Court Rules of Practice and Procedure.  We round all monetary amounts to the nearest dollar.

[*3] "believe * * * [he] should be responsible" for the additions to tax. His request was assigned to a settlement officer (SO) in IRS Appeals.

Upon receiving petitioner's case the SO reviewed the administrative file and confirmed that his tax liabilities for 2009-2011 had been properly assessed and that all other requirements of applicable law and administrative procedure had been met. On July 29, 2014, the SO sent petitioner a letter scheduling a hearing for August 26, 2014, and requesting that he provide Form 433-A, Collection Information Statement for Wage Earners and Self-Employed Individuals, and a written statement to support his request for NFTL withdrawal.

After several reschedulings, the SO held an initial telephone conference with petitioner on September 16, 2014. Petitioner thereafter submitted Form 433-A and Form 656, Offer in Compromise (OIC), in which he offered to settle his 2009-2011 liabilities for $3,000. Representing that his monthly income was only $1,400, he asked that the IRS waive the $186 processing fee and the 20% down-payment ordinarily required for OICs. He also requested that the IRS consider his OIC under its "effective tax administration" guidelines, representing that he had a serious medical condition.

The SO forwarded petitioner's offer to an OIC specialist in Oklahoma City. Using third-party reporting information, the OIC specialist determined that peti-

**[\*4]** tioner had understated his income on the Form 433-A and did not qualify to have the processing fee and downpayment waived. The OIC specialist accordingly asked that petitioner submit an amended OIC accurately reflecting his income and that he pay the applicable processing fee and downpayment.

While petitioner was preparing his amended OIC, the IRS issued him notices of deficiency for 2009-2011. He did not contest the notices for 2009 and 2010, and the IRS subsequently assessed additional liabilities for those years. He timely contested the notice of deficiency for 2011. See Mack v. Commissioner, T.C. Dkt. No. 12974-15. The OIC specialist noted that filing and informed petitioner that, if he wished, he could have his additional 2011 liability folded into his OIC by dropping the 2011 Tax Court case. Petitioner thereafter conceded the IRS' determinations for 2011, and we entered a decision in that case on October 7, 2015.

In February 2016 petitioner submitted an amended OIC. This OIC covered tax years 2012 and 2013 as well as 2009-2011, proposed a total payment of $7,425, and changed the basis for the compromise from effective tax administration to doubt as to collectibility. He also submitted updated financial information.

The OIC specialist evaluated petitioner's assets, concluding that he had $23,460 of realizable equity after making applicable reductions. Most of this eq-

**[\*5]** uity was attributable to a TD Ameritrade account with a balance of $18,725. Comparing petitioner's monthly income with his monthly expenses, the OIC specialist determined that his net income was $830 per month. In performing that calculation, the OIC specialist generally used IRS national and local standards to determine petitioner's allowable expenses. The OIC specialist suggested that petitioner increase his offer to at least $33,420 ($23,460 + ($830 × 12)), representing the amount he could pay over a 12-month period.[2] He rejected this option, and the OIC specialist sent the case back to the SO for further consideration.

After his case was returned to Appeals, petitioner contended that: (1) his monthly expenses exceeded the amounts the OIC specialist had allowed; (2) the OIC specialist had overvalued his retirement account by $16,825; (3) he was entitled to additional expenses of $750 per month for dependent care; and (4) he was entitled to a face-to-face CDP hearing. The SO rejected each contention, determining that: (1) petitioner was not entitled to expenses for housing, utilities, food, or clothing in excess of the applicable local standards; (2) the OIC specialist had

---

[2]Reasonable collection potential (RCP) is generally calculated by multiplying a taxpayer's monthly income available to pay taxes by the number of months remaining in the statutory period for collection and adding realizable equity in assets. See Johnson v. Commissioner, 136 T.C. 475, 485 (2011), aff'd, 502 F. App'x 1 (D.C. Cir. 2013). The OIC unit apparently agreed to a shorter 12-month period because of petitioner's medical condition.

**[\*6]** correctly valued petitioner's TD Ameritrade account at $18,725, the figure shown on the account statement petitioner had supplied; (3) the OIC specialist had already factored in the additional dependent care expenses petitioner claimed; and (4) petitioner was not entitled to a face-to-face hearing. The SO informed petitioner of her conclusions by letter and proposed a telephone conference.

During the telephone conference the SO explained why she had rejected petitioner's amended OIC and suggested that he enter into an IA. Petitioner declined to do so. The SO invited him to submit amended returns and a statement supporting his request for abatement of the additions to tax, but he submitted none of these documents. In response to petitioner's request for NFTL withdrawal, the SO reviewed the circumstances under which the NFTL could be withdrawn and determined that none applied. On July 25, 2016, the SO closed the case and issued a notice of determination sustaining the NFTL filing.

Petitioner timely petitioned this Court for review. On August 30, 2017, respondent filed a motion for summary judgment. Petitioner did not respond to the motion.

**[*7]**                                    Discussion

A.     Summary Judgment

The purpose of summary judgment is to expedite litigation and avoid costly, time-consuming, and unnecessary trials.  Fla. Peach Corp. v. Commissioner, 90 T.C. 678, 681 (1988).  Under Rule 121(b), we may grant summary judgment when there is no genuine dispute as to any material fact and a decision may be rendered as a matter of law.  Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), aff'd, 17 F.3d 965 (7th Cir. 1994).  In deciding whether to grant summary judgment, we construe factual materials and inferences drawn from them in the light most favorable to the nonmoving party.  Ibid.  However, the nonmoving party may not rest upon the mere allegations or denials in his pleadings but instead must set forth specific facts showing that there is a genuine dispute for trial.  Rule 121(d); see Sundstrand Corp., 98 T.C. at 520.

Because petitioner did not respond to the motion for summary judgment, the Court could enter a decision against him for that reason alone.  See Rule 121(d).  We will nevertheless consider the motion on its merits.  We conclude that there are no material facts in dispute and that this case may be adjudicated summarily.

**[\*8]** B.  Standard of Review

Neither section 6320(c) nor section 6330(d)(1) prescribes the standard of review that this Court should apply in reviewing an IRS administrative determination in a CDP case. But our case law tells us what standard to adopt. Where the validity of a taxpayer's underlying tax liability is properly at issue, we review the IRS' determination de novo. Goza v. Commissioner, 114 T.C. 176, 181-182 (2000). Where the taxpayer's underlying liability is not properly at issue, we review the IRS' decision for abuse of discretion only. Ibid.

A taxpayer may dispute his underlying tax liability in a CDP case if he did not receive a notice of deficiency or otherwise had no prior opportunity to contest the liability. See sec. 6330(c)(2)(B). The liabilities for which the IRS filed the NFTL were petitioner's self-reported liabilities for 2009-2011. He was entitled to contest those liabilities at his CDP hearing if he wished. See ibid.; Montgomery v. Commissioner, 122 T.C. 1, 9 (2004).[3]

The SO informed petitioner that he could contest the liabilities shown on the NFTL by filing amended returns for 2009-2011 and by submitting a request justi-

---

[3]Petitioner did have a prior opportunity to challenge the additional liability for 2011 in his previous deficiency case at Dkt. No. 12974-15. See, e.g., Kyereme v. Commissioner, T.C. Memo. 2012-174. In any event, those additional 2011 liabilities are not covered by the NFTL and thus are not the subject of any collection action in this case.

[*9] fying abatement of the additions to tax. Because petitioner submitted none of these documents, he did not properly challenge his underlying tax liabilities. See Lunnon v. Commissioner, T.C. Memo. 2015-156, 110 T.C.M. (CCH) 182, 185, aff'd, 652 F. App'x 623 (10th Cir. 2016); sec. 301.6320-1(f)(2), Q&A-F3, Proced. & Admin Regs. Since petitioner's underlying liabilities for 2009-2011 are thus not before us, we will review the SO's determination for abuse of discretion only. See, e.g., Pough v. Commissioner, 135 T.C. 344, 349-350 (2010). Abuse of discretion exists when a determination is arbitrary, capricious, or without a sound basis in fact or law. Murphy v. Commissioner, 125 T.C. 301, 320 (2005), aff'd, 469 F.3d 27 (1st Cir. 2006).

C.    Analysis

In deciding whether the SO abused her discretion we consider whether she: (1) properly verified that the requirements of any applicable law or administrative procedure had been met; (2) considered any relevant issues petitioner raised; and (3) considered "whether any proposed collection action balances the need for the efficient collection of taxes with the legitimate concern of * * * [petitioner] that any collection action be no more intrusive than necessary." See sec. 6330(c)(3).

Petitioner first challenges the SO's rejection of his OIC. Under section 7122(a) and the regulations thereunder, the IRS may compromise an outstanding

[*10] tax liability on three grounds: (1) doubt as to liability; (2) doubt as to collectibility; or (3) the promotion of effective tax administration. See sec. 301.7122-1(b), Proced. & Admin. Regs. The IRS may execute a compromise based on doubt as to collectibility--the ground petitioner advanced in his amended OIC--where the taxpayer's assets and income make it unlikely that the IRS will be able to collect the entire balance. Id. subpara. (2). The IRS will generally reject an offer where the taxpayer's reasonable collection potential (RCP) exceeds the amount he proposes to pay. Rev. Proc. 2003-71, sec. 4.02(2), 2003-2 C.B. 517, 517; see Johnson v. Commissioner, 136 T.C. 475, 485-486 (2011), aff'd, 502 F. App'x 1 (D.C. Cir. 2013).

In reviewing the SO's determination we do not make an independent evaluation of what would be an acceptable collection alternative. Thompson v. Commissioner, 140 T.C. 173, 179 (2013); Murphy, 125 T.C. at 320; Lipson v. Commissioner, T.C. Memo. 2012-252, 104 T.C.M. (CCH) 262, 264. Rather, our review is limited to determining whether the SO abused her discretion--that is, whether her decision to reject petitioner's offer was arbitrary, capricious, or without sound basis in fact or law. Thompson, 140 T.C. at 179; Murphy, 125 T.C. at 320.

[*11] The SO determined petitioner's RCP by subtracting his monthly expenses from his monthly income. Pursuant to Congress' directive, the IRS has published "national and local allowances" to ensure that taxpayers entering into collection alternatives have adequate means to provide for basic living expenses. Sec. 7122(d)(1) and (2)(A). This Court has upheld the IRS' use of such standards to determine basic living expenses when evaluating proposed collection alternatives. See Speltz v. Commissioner, 124 T.C. 165, 179 (2005), aff'd, 454 F.3d 782 (8th Cir. 2006). Allowable expenses are those that are "necessary to provide for a taxpayer's * * * health and welfare and/or production of income." See Internal Revenue Manual (IRM) pt. 5.15.1.7(1) (Oct. 2, 2012).

As directed by the IRM, the SO allowed petitioner the lesser of the applicable local standards or the amounts that he actually paid monthly for expenses. See IRM pt. 5.15.1.9 (Nov. 17, 2014), 5.15.1.7(4) (Oct. 2, 2012). Deviations are permitted only upon a showing that the standard amounts are "inadequate to provide for a specific taxpayer's basic living expenses." See id. pt. 5.15.1.7(5) (Oct. 2, 2012). The taxpayer bears the burden of providing sufficient information to justify a deviation from local standards. See Thomas v. Commissioner, T.C. Memo. 2015-182, 110 T.C.M. (CCH) 282, 288. Although petitioner disputes the SO's reliance on these standards, he submitted no evidence that these amounts were

[*12] inadequate to provide for his basic living expenses.  We accordingly hold that the SO did not abuse her discretion in determining petitioner's RCP as she did.  See Lunnon, 110 T.C.M. (CCH) at 185; sec. 301.6320-1(f)(2), Q&A-F3, Proced. & Admin. Regs.

Petitioner also contends that the SO improperly denied his request for a face-to-face hearing.  The regulations provide that a "CDP hearing may, but is not required to, consist of a face-to-face meeting."  Secs. 301.6320-1(d)(2), Q&A-D6, 301.6330-1(d)(2), Q&A-D6, Proced. & Admin. Regs.  We have repeatedly held that the IRS is not required to afford a taxpayer a face-to-face hearing and that a hearing conducted by telephone, correspondence, or document review will suffice. See, e.g., Katz v. Commissioner, 115 T.C. 329, 337-338 (2000); Williamson v. Commissioner, T.C. Memo. 2009-188, 98 T.C.M. (CCH) 110, 112; Stockton v. Commissioner, T.C. Memo. 2009-186, 98 T.C.M. (CCH) 103, 106.[4]

Finding that the SO did not abuse her discretion in any respect, we will grant respondent's motion for summary judgment and sustain the proposed collec-

---

[4]Petitioner asserts that the OIC specialist improperly persuaded him to concede his 2011 Tax Court case.  The record reflects that the OIC specialist properly advised petitioner of an available option; it was petitioner's decision to pursue that option.  In any event, the NFTL that is the subject of this case covered only petitioner's self-assessed liabilities for 2009-2011, not the additional amounts shown on the subsequently issued notices of deficiency.

**[\*13]** tion action.  We note that petitioner is free to submit to the IRS, for its consideration and possible acceptance, an IA or a new OIC to compromise his outstanding liabilities.

To reflect the foregoing,

<u>An appropriate order and decision will be entered</u>.