T.C. Memo. 2007-142

UNITED STATES TAX COURT

ORLUN K. JONES, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 10990-06L.                    Filed June 5, 2007.

Donald W. MacPherson, for petitioner.

Rachael J. Zepeda, for respondent.


MEMORANDUM OPINION

THORNTON, Judge:  This case is before the Court on respondent's motion for summary judgment.[1]  We shall grant respondent's motion.

_____

[1] Unless otherwise indicated, all section references are to the Internal Revenue Code, as amended, and all Rule references are to the Tax Court Rules of Practice and Procedure.

## Background

The record reveals or the parties do not dispute the following:

Petitioner failed to file Federal income tax returns for 1985, 1986, 1987, 1988, 1989, 1990, 1991, and 1992.  By three separate notices of deficiency dated December 8, 1995, respondent determined these deficiencies in and additions to petitioner's tax:

| Year | Deficiency | Additions to Tax | |
| | | Sec. 6651(a)(1) | Sec. 6654 |
| 1985 | $37,138 | $9,285 | $2,128 |
| 1986 | 95,433 | 23,858 | 4,619 |
| 1987 | 105,703 | 26,426 | 5,708 |
| 1988 | 71,986 | 17,997 | 4,601 |
| 1989 | 516,660 | 129,165 | 34,941 |
| 1990 | 717,686 | 179,422 | 47,254 |
| 1991 | 1,023,198 | 255,800 | 58,855 |
| 1992 | 1,307,844 | 326,961 | 57,040 |

Petitioner received the notices of deficiency but did not petition the Tax Court with respect thereto.

On November 2, 2004, respondent mailed petitioner a Notice of Intent to Levy and Notice of Your Right to a Hearing for taxable years 1985 through 1992.  This notice indicated that petitioner's unpaid liability, including interest, totaled $14.8 million.  In response to this notice, on November 23, 2004, petitioner submitted a Form 12153, Request for a Collection Due Process Hearing, challenging the proposed levy on grounds of doubt as to liability and doubt as to collectibility.  On January

24, 2005, respondent mailed to petitioner a Notice of Federal Tax Lien Filing and Your Right to a Hearing Under IRC 6320 for taxable years 1985 through 1992. In response to this notice, on February 8, 2005, petitioner submitted a Form 12153, Request for a Collection Due Process Hearing, challenging the filing of the Federal tax lien on the ground that "the tax assessment numbers are grossly overstated".

On November 1, 2005, a telephonic hearing was held between petitioner's representative and respondent's Appeals officer. Petitioner submitted no offer-in-compromise or other collection alternative during the hearing.

By two separate notices of determination dated May 11, 2006, respondent sustained the proposed levy action and the filing of the notice of Federal tax lien.[2] On June 12, 2006, while residing in California, petitioner filed a timely petition for review of respondent's determinations.

---

[2] The notices of determination indicate that in telephone calls on Feb. 23 and 27, 2006, petitioner's representative was asked what petitioner would like to do with respect to collection alternatives but "No meaningful response was received." The notices of determination indicate that the Appeals officer nevertheless considered collection alternatives but concluded that they were inappropriate because petitioner's Form 433A, Collection Information Statement for Individuals, was incomplete and contained "numerous unexplained and seemingly contradictory statements".

## Discussion

Summary judgment is intended to expedite litigation and avoid unnecessary and expensive trials. <u>Fla. Peach Corp. v. Commissioner</u>, 90 T.C. 678, 681 (1988). Summary judgment may be granted where there is no genuine issue of any material fact, and a decision may be rendered as a matter of law. Rule 121(a) and (b); see <u>Sundstrand Corp. v. Commissioner</u>, 98 T.C. 518, 520 (1992), affd. 17 F.3d 965 (7th Cir. 1994); <u>Zaentz v. Commissioner</u>, 90 T.C. 753, 754 (1988). The moving party bears the burden of proving that there is no genuine issue of material fact, and factual inferences will be read in a manner most favorable to the party opposing summary judgment. <u>Dahlstrom v. Commissioner</u>, 85 T.C. 812, 821 (1985); <u>Jacklin v. Commissioner</u>, 79 T.C. 340, 344 (1982). When a motion for summary judgment is made and properly supported, the adverse party may not rest upon mere allegations or denials of the pleadings but must set forth specific facts showing that there is a genuine issue for trial. Rule 121(d).

Because petitioner received statutory notices of deficiency with respect to the taxable years at issue but failed to petition this Court to redetermine the deficiencies, he is not entitled to challenge his underlying tax liability in this collection proceeding. See sec. 6330(c)(2)(B); <u>Sego v. Commissioner</u>, 114

T.C. 604, 610 (2000).  Accordingly, we review the Appeals officer's determinations for abuse of discretion.  See id.

Petitioner contends that on February 8, 2005 (the same date he submitted a Form 12153 requesting a hearing with respect to the Federal tax lien filing), he requested audit reconsideration. Petitioner contends that he repeatedly requested that the Appeals officer's determination should await the results of the requested audit reconsideration, so that petitioner could determine what collection alternative, if any, might be appropriate.  Petitioner contends that the Appeals officer abused his discretion by issuing his determinations before the request for audit reconsideration had been acted upon.[3]

We disagree.  Pursuant to the applicable regulations, the Appeals Office shall "attempt to conduct a * * * [section 6330 hearing] and issue a Notice of Determination as expeditiously as possible under the circumstances."  Sec. 301.6330-1(e)(3), Q&A-E9, Proced. & Admin. Regs.; see Murphy v. Commissioner, 125 T.C. 301, 322 (2005) ("'there is neither a requirement nor reason that the Appeals officer wait a certain amount of time before rendering his determination as to a proposed levy'" (quoting Clawson v. Commissioner, T.C. Memo. 2004-106)), affd. 469 F.3d 27

_____

[3] Petitioner contends that on Feb. 15, 2007, he received notification from the IRS of audit reconsideration and has since submitted information and returns to the audit reconsideration agent.

(1st Cir. 2006). The Appeals officer did not abuse his discretion by declining to delay his determinations to await the uncertain outcome of petitioner's eleventh-hour request for audit reconsideration and the uncertain outcome of any audit reconsideration that might be granted.

Petitioner contends that notwithstanding section 6330(c)(2)(B), which precluded him from challenging his underlying liability in the collection hearing, he should have been permitted to make an offer-in-compromise on the basis of doubt as to liability, pursuant to sections 6330(c)(2)(A)(iii) and 7122. The short answer is petitioner never made any offer-in-compromise. Accordingly, the Appeals officer did not abuse his discretion in failing to consider any offer-in-compromise. See Kindred v. Commissioner, 454 F.3d 688, 696 (7th Cir. 2006) (characterizing as "frivolous" an argument that the taxpayers should have been allowed to submit an offer-in-compromise in a collection hearing, where the taxpayers never actually made an offer-in-compromise); Kendricks v. Commissioner, 124 T.C. 69, 79 (2005).

On the basis of our review of the record, we conclude that there is no genuine dispute as to a material fact. Petitioner has failed to make a valid challenge to the appropriateness of respondent's intended collection action or offer alternative means of collection. In the absence of a valid issue for review,

we conclude that respondent is entitled to judgment as a matter of law and sustain respondent's determinations sustaining the proposed levy and the filing of the notice of Federal tax lien.

To reflect the foregoing,

<u>An appropriate order</u>

<u>and decision will be entered</u>.