[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-15554
Non-Argument Calendar
_____

Agency No. 7932-12L

MICHAEL R. GENTILE,

Petitioner - Appellant,

versus

COMMISSIONER OF IRS,

Respondent - Appellee.

_____

Petition for Review of a Decision of the
U.S. Tax Court
_____

(November 24, 2014)

Before MARCUS, WILSON and ROSENBAUM, Circuit Judges.

PER CURIAM:

Appellant Michael R. Gentile appeals from a decision of the United States

Tax Court, which held in favor of Appellee Commissioner of the Internal Revenue

Service ("IRS") that the IRS Office of Appeals had not abused its discretion in

determining that the IRS could proceed to collect Gentile's tax liability by levy following a collection-due-process ("CDP") hearing.  On appeal, Gentile argues that the Tax Court erred in upholding the levy because, says Gentile, he never received the IRS notices of deficiency for the years 2001, 2002 and 2003.  After thorough review, we affirm.

We review the Tax Court's findings of fact for clear error and its conclusions of law de novo.  Bone v. Commissioner, 324 F.3d 1289, 1293 (11th Cir. 2003).  The determination of the IRS Office of Appeals concerning collection effort is reviewed for abuse of discretion; the validity of the tax liability being collected is reviewed de novo.  See Living Care Alternatives of Utica, Inc. v. United States, 411 F.3d 621, 625-26 (6th Cir. 2005); Jones v. Commissioner, 338 F.3d 463, 466 (5th Cir. 2003).

The relevant background is this.  On March 24, 2010, the IRS sent Gentile a notice of intent to levy with respect to his tax liabilities for 2001, 2002, and 2003, and Gentile timely requested a CDP hearing.  In response, the IRS, through its settlement officers, wrote at least two letters to Gentile offering him possible dates for a telephonic CDP hearing, which Gentile never accepted or replied to in a timely fashion, and sent him several letters explaining the process.  After Gentile repeatedly requested an in-person CDP hearing, Settlement Officer Diaz wrote him a letter on August 3, 2011, proposing four possible dates and times for an in-person

2

hearing, and requested that Gentile inform her within 14 days which date he preferred.  Gentile did not respond within 14 days, and on August 25, 2011, after finding that all requirements of applicable law and administrative procedures had been met, Diaz concluded that the proposed levy could proceed.  The IRS then issued Gentile a notice of determination.  In the meantime, in a letter received by the IRS after it issued the notice of determination, Gentile responded to Diaz's letter of August 3, stating that he was unavailable for any of the four times she had proposed for a face-to-face CDP hearing.  He suggested that since he'd never received a notice of deficiency for the years in issue, the taxes should be abated.

After receiving the notice of determination, Gentile filed a petition with the Tax Court asserting that he had wrongfully been denied a face-to-face hearing, a fair and impartial hearing, or the opportunity to challenge the underlying liability. The Tax Court held that the IRS Office of Appeals had not abused its discretion in sustaining the proposed levy. The court also found that Gentile did not properly challenge his underlying tax liabilities in the CDP hearing, and therefore the court could not consider them.  In this regard, the court observed that Gentile did not timely respond to the settlement officer's offer to conduct a face-to-face hearing at which he could dispute his underlying liability and he did not take advantage of any of the many opportunities he was given to submit information, documents, or

any evidence to dispute the IRS's calculation of his liability -- despite having been given a reasonable opportunity to do so. This timely appeal follows.

Under the Internal Revenue Code, the IRS "is authorized and required to make the inquiries, determinations, and assessments of all taxes (including interest, additional amounts, additions to the tax, and assessable penalties) imposed by this title." 26 U.S.C. § 6201(a). The IRS "shall collect the taxes imposed by the internal revenue laws." Id. § 6301. To that end, within 60 days of making an assessment, the IRS must notify the taxpayer of the assessment and demand payment. Id. § 6303(a). If the taxpayer neglects or refuses to pay the tax after assessment and notice and demand, the IRS may collect the tax by levy upon the property of the taxpayer. Id. § 6331(a).

Under § 6330(a), the IRS must notify a taxpayer of his right to request a CDP hearing before a levy is made. The taxpayer's request for a CDP hearing must be in writing and postmarked within thirty days of the notice of intent to levy. Id. §§ 6330(a)(3)(B), 7502(a); Treas. Reg. (26 C.F.R.) § 301.6330-1(c)(2) (Q&A C2, C3, C4). If he submits a timely written request, the taxpayer will be entitled to a CDP hearing with the IRS Office of Appeals. 26 U.S.C. § 6330(b)(1). However, a CDP hearing need not include a face-to-face meeting. Treas. Reg. § 301.6330-1(d)(2) (Q&A D6); see also Williams v. Commissioner, 718 F.3d 89, 92 (2d Cir. 2013) (a face-to-face hearing is not a required element of the CDP process, which

4

can consist of one or more oral or written communications, or merely a review of the documents in the case file) (persuasive authority).

As part of the CDP hearing, the Office of Appeals must obtain verification that all applicable legal and administrative requirements have been met. 26 U.S.C. § 6330(c). The taxpayer may raise issues relevant to collection of the unpaid tax, including spousal defenses, challenges to the appropriateness of the collection action, and offers of collection alternatives. Id. § 6330(c)(2)(A); Treas. Reg. § 301.6330-1(e)(1). After the hearing, the Office of Appeals must send the taxpayer a notice of determination setting forth its findings and decision. Treas. Reg. § 301.6330-1(e)(3) (Q&A E8(i)). The taxpayer may seek judicial review in the Tax Court. 26 U.S.C. § 6330(d)(1). On appeal, the taxpayer may not raise issues not raised during the CDP hearing. Treas. Reg. § 301.6330-1(f)(2) (Q&A-F3).

In this case, we are unpersuaded by Gentile's claim that the Office of Appeals abused its discretion in sustaining the proposed levy. For starters, we agree with the IRS that the one issue that Gentile raises before us -- whether "the Tax Court err[ed] in concluding that [taxpayer] received IRS notices of deficiency for the years 2001, 2002, and 2003" -- is not relevant to the appeal. Indeed, the Tax Court did not find that notices of deficiency were received by taxpayer. Rather, the Tax Court found that Gentile did not properly raise the issue of his underlying liabilities in the CDP hearing, noting that Gentile had not provided any

5

information, documents, or other evidence to dispute the Commissioner's calculation of his tax liability, even though he had the opportunity to do so. Because he did not properly raise the issue of his underlying liability during the CDP process, the Tax Court concluded that it did not need to address whether Gentile had actually received the notices of deficiency and, therefore, that the issue was not properly before the Tax Court.

What's more, we disagree with Gentile that the Tax Court erred in deciding the case without making a finding as to whether he had received the notices of deficiency. While a person who does not receive a notice of deficiency "may . . . raise at the hearing challenges to the existence or amount of the underlying liability," 26 U.S.C. § 6330(c)(2)(B), the person still must actually raise a challenge before he can prevail in a CDP proceeding.  And, "raising an issue" requires more than simply asserting an objection to the liability; an issue is not properly raised if the taxpayer requests consideration of the issue but fails to present to the Office of Appeals "any evidence with respect to that issue after being given a reasonable opportunity to present such evidence."  Treas. Reg. § 301.6330-1(f)(2) (Q&A-F3).

As this record reveals, Gentile was given ample opportunity to challenge the underlying tax liabilities in the CDP hearing, but did not do so. The IRS expressly offered Gentile two dates and times for a telephonic CDP hearing, and four dates

and times for a face-to-face CDP hearing. Further, one of the letters making the offer made it plain that he could contest his underlying tax liabilities at the hearing; it said: "[b]ecause it appears that your only concern is the underlying liability, and you are not proposing a collection alternative, Appeals will grant your request for a face to face hearing to address the underlying deficiency, i.e., whether he had a right to contest the liability determined by the IRS." Gentile, however, declined to participate in any conferences and did not provide any documents concerning the determination of his tax liabilities. Thus, because Gentile did not raise any issue regarding the correctness of his liability in the CDP proceeding, the Tax Court did not need to decide whether Gentile had received the notices of deficiency.[1]

Nor, moreover, can we conclude that the Tax Court erred in holding that the Office of Appeals properly based its levy determination on the factors required by 26 U.S.C. § 6330(c)(3). Among other things, the determination letter and the supporting statement show that (1) the Office of Appeals verified through computer records that various notices required for the proposed levy were properly

---

[1]    In any event, we are unpersuaded by Gentile's suggestion that he is not liable for the tax deficiency on the sole ground that he never received the 2001-03 notices of deficiency. To the extent he makes this claim to us, he misconstrues § 6330 when he asserts that "§ 6330 expressly states that 'if a person did not receive any statutory notice of deficiency', he is lawfully entitled to have those notices set aside." That section provides that "In the case of any hearing conducted under this section . . . [t]he person may . . . raise . . . challenges to the existence or amount of the underlying tax liability for any tax period if the person did not receive any statutory notice of deficiency for such tax liability or did not otherwise have an opportunity to dispute such tax liability." 26 U.S.C. § 6330(c)(2)(B). It does not provide that a notice that was not received is invalid.

made and also verified that the other legal and procedural requirements for the proposed levy were satisfied, (2) the Office of Appeals considered any issue raised by the taxpayer, and (3) the Office of Appeals balanced the need for efficient collection with the taxpayer's concern that the collection action be no more intrusive than necessary.  The Tax Court's holding is fully supported by the record.

**AFFIRMED.**