T.C. Summary Opinion 2016-15

UNITED STATES TAX COURT

VICTOR M. CROWN, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 30082-14S L.                    Filed April 4, 2016.

Victor M. Crown, pro se.

<u>Sarah E. Sexton Martinez</u>, for respondent.

SUMMARY OPINION

GUY, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions

of section 7463 in effect when the petition was filed.[1]  Pursuant to section 7463(b),

---

[1]Unless otherwise indicated, all section references are to the Internal
Revenue Code, as amended and in effect at all relevant times.  All monetary
amounts are rounded to the nearest dollar.

the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

This case is an appeal from a notice of determination issued by the Internal Revenue Service (IRS) Office of Appeals (Appeals Office) sustaining a proposed levy action to collect income tax that petitioner owes for the taxable year 2011 and civil penalties assessed pursuant to section 6694(a) for the taxable years 2010 and 2011 (section 6694(a) penalties).[2]

As discussed below, the record shows that petitioner has paid the section 6694(a) penalties in full, and therefore the proposed levy action in respect of those items is now moot. The sole issue remaining for decision is whether the Appeals Office abused its discretion in determining to proceed with the proposed levy action to collect petitioner's unpaid income tax liability for 2011.

Background

Some of the facts have been stipulated and are so found. The stipulation of facts and the accompanying exhibits are incorporated herein by this reference. Petitioner resided in Illinois at the time the petition was filed.

---

[2]Sec. 6694(a) provides that a tax return preparer shall pay a penalty if he prepares any return or claim for refund that results in an understatement of liability because of an unreasonable position and the return preparer knew or reasonably should have known of the position.

I. Income Tax for 2011

On December 9, 2013, the IRS issued a notice of deficiency to petitioner determining an income tax deficiency of $13,881 for 2011 and an accuracy-related penalty under section 6662(a) of $2,776. Petitioner did not file a petition for redetermination with the Court challenging the notice of deficiency. On May 26, 2014, the IRS assessed the income tax and the accuracy-related penalty, as well as statutory interest, and sent to petitioner a notice of balance due. Petitioner failed to remit payment.

II. Section 6694(a) Penalties

On April 28, 2014, the IRS assessed section 6694(a) penalties of $1,000 against petitioner for the years 2010 and 2011, respectively, and issued notices of balance due to him. As discussed below, petitioner did not immediately remit payment but did so eventually over a period of months.

III. Appeals Office Administrative Review

On July 21, 2014, the IRS issued to petitioner a Final Notice of Intent to Levy and Notice of Your Right to a Hearing in respect of his unpaid tax liability for 2011 and the section 6694(a) penalties. On August 4, 2014, petitioner submitted to the Appeals Office a timely request for an administrative hearing under section 6330. Petitioner's hearing request stated in relevant part: "I was

advised by IRS taxpayer advocate that my 2007 amended return was being processed and I believe that the amount of the levy should be reduced as a result."

On August 12, 2014, the IRS sent to petitioner a Notice of Federal Tax Lien Filing and Your Right to Hearing Under IRC 6320 informing him that a Federal tax lien had been filed in respect of his unpaid tax liability for 2011 and the unpaid section 6694(a) penalties.[3]

Petitioner's request for an administrative hearing regarding the proposed levy action was assigned within the Appeals Office to Settlement Officer Marcus Morgan (SO Morgan). On September 29, 2014, petitioner contacted SO Morgan and requested payoff amounts for the income tax he owed for 2011 and the section 6694(a) penalties. On October 17, 2014, petitioner sent a fax to SO Morgan indicating that he intended to pay his outstanding liabilities in full and requesting that the Federal tax lien be released. On October 21, 2014, SO Morgan conducted an administrative hearing by way of a teleconference with petitioner. During the hearing petitioner again stated that he intended to pay the amounts due in full. Petitioner did not otherwise offer an alternative to the proposed collection action or challenge the existence or amount of his underlying tax liability.

---

[3]Although we mention the notice of Federal tax lien for the sake of completeness, the parties agree that the filing of the tax lien is not at issue in this case.

Between late October and mid-December 2014, petitioner remitted to the IRS a series of payments that were applied to and fully satisfied his liability for the section 6694(a) penalties.  In the interim, on November 24, 2014, the Appeals Office issued to petitioner a notice of determination sustaining the proposed levy action.

Petitioner invoked the Court's jurisdiction under section 6330 by filing a timely petition for review.  Petitioner alleged in the petition that (1) he had fully paid the section 6694(a) penalties and (2) the IRS had failed to account for the fact that petitioner was the prevailing party in a legal action that he brought against the City of Chicago and Cook County, Illinois.

After petitioner filed his petition with the Court, he submitted to the IRS a Form 6118, Claim for Refund of Tax Return Preparer and Promoter Penalties, in respect of the section 6694(a) penalties.  At the time of trial petitioner could not recall whether the IRS had responded to his claim for refund.

## Discussion

Section 6331(a) authorizes the Commissioner to levy upon property and rights to property of a taxpayer who is liable for taxes and who fails to pay those taxes within 10 days after notice and demand for payment is made.  Section 6330(a) provides that the levy authorized in section 6331(a) may be made only if

the Secretary has notified such person in writing of the right to an administrative hearing before the levy is enforced. Upon timely request, the person is entitled to an administrative hearing before the Appeals Office. Sec. 6330(b)(1).

In rendering an administrative determination in a collection review proceeding under section 6330, the Appeals Office must verify that the requirements of any applicable law and administrative procedure have been met in processing the taxpayer's case. Sec. 6330(c)(1), (3)(A). The Appeals Office also must consider any issues raised by the taxpayer relating to the collection action, including offers of collection alternatives (such as an installment agreement), appropriate spousal defenses, and challenges to the appropriateness of the collection action. Sec. 6330(c)(2)(A), (3)(B). A taxpayer may challenge the existence or amount of his or her underlying tax liability if the taxpayer did not receive a notice of deficiency or did not otherwise have an earlier opportunity to dispute such tax liability. Sec. 6330(c)(2)(B). Finally, the Appeals Office must consider whether the collection action balances the need for efficient collection against the taxpayer's concern that collection be no more intrusive than necessary. Sec. 6330(c)(3)(C).

Section 6330(d)(1) grants this Court jurisdiction to review the administrative determination made by the Appeals Office. If the taxpayer's

underlying tax liability is properly in dispute, the Court will review the determination de novo. <u>Goza v. Commissioner</u>, 114 T.C. 176, 181-182 (2000). Where the underlying tax liability is not at issue, we review the determination for abuse of discretion. <u>Id.</u> at 182; <u>see also</u> <u>Sego v. Commissioner</u>, 114 T.C. 604, 610 (2000). An abuse of discretion occurs if the Appeals Office exercises its discretion "arbitrarily, capriciously, or without sound basis in fact or law." <u>Woodral v. Commissioner</u>, 112 T.C. 19, 23 (1999).

I. <u>Section 6694(a) Penalties</u>

The record shows that during the course of the Appeals Office administrative proceeding petitioner informed SO Morgan that he intended to pay the section 6694(a) penalties in full. There is no indication in the administrative record that petitioner informed SO Morgan that he wanted to challenge the existence or amount of the section 6694(a) penalties. In fact, between late October and mid-December 2014, petitioner remitted to the IRS a series of payments that were applied to and fully satisfied his liability for the section 6694(a) penalties. After the Appeals Office issued its notice of determination (and after petitioner filed his petition for review with the Court), he filed a claim for refund with the IRS in respect of the section 6694(a) penalties, and the disposition of that claim was unknown at the time of trial.

In the light of these developments, we conclude that so much of the petition for review as relates to the proposed levy action to collect the section 6694(a) penalties is moot. In short, because petitioner has voluntarily paid the full amounts of the section 6694(a) penalties, the IRS is no longer pursuing the proposed levy insofar as it relates to those penalties. See Green-Thapedi v. Commissioner, 126 T.C. 1, 7-8 (2006).

## II. Income Tax Liability

At the trial of this case petitioner informed the Court that he wanted to challenge the amount of his underlying income tax liability for 2011 (apparently in the belief that his lawsuit against the City of Chicago would somehow reduce or offset the tax that the IRS had assessed). Although petitioner testified at trial that he could not recall whether he actually received the notice of deficiency for 2011, he did not raise this issue during the administrative hearing, nor did he seek to challenge the existence or amount of his income tax liability at that time. As the Court observed in Gentile v. Commissioner, T.C. Memo. 2013-175, aff'd, 592 F. App'x 824 (11th Cir. 2014), a taxpayer must raise an issue at an Appeals Office administrative hearing to preserve it for this Court's consideration. Because petitioner did not raise these issues during the administrative review process, we

decline to consider them now. Under the circumstances, we review the notice of determination for abuse of discretion.

Petitioner did not offer a collection alternative during the administrative review process, nor did he raise a spousal defense or challenge the appropriateness of the collection action. The record shows that the Appeals Office properly verified that the requirements of all applicable laws and administrative procedures were met in processing petitioner's case and that the proposed levy balances the Government's need for the efficient collection of taxes with petitioner's concerns that the collection action be no more intrusive than necessary. In sum, there is no evidence that the Appeals Office abused its discretion in this case.

## III. Conclusion

Consistent with the foregoing, we hold that so much of the petition for review as relates to the collection of the section 6694(a) penalties is moot. Otherwise, the determination by the Appeals Office to proceed with the proposed levy action to collect the income tax that petitioner owes for the taxable year 2011 was not an abuse of discretion, and the proposed levy is sustained.

To reflect the foregoing,

An appropriate order and decision
will be entered.