T.C. Memo. 2020-32

UNITED STATES TAX COURT

DO S. WONG, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 17041-18L.                    Filed March 5, 2020.

Do S. Wong, pro se.

Halvor R. Melom, for respondent.

MEMORANDUM OPINION

LAUBER, Judge: In this collection due process (CDP) case, petitioner seeks review pursuant to sections 6320(c) and 6330(d)(1) of the determination by the Internal Revenue Service (IRS or respondent) to uphold the filing of a notice

[*2] of Federal tax lien (NFTL).[1] Respondent has moved for summary judgment under Rule 121, contending that there are no disputed issues of material fact and that his determination to sustain the collection action was proper as a matter of law. We agree and accordingly will grant the motion.

Background

The following facts are based on the parties' pleadings and respondent's motion papers, including the attached declarations and exhibits. See Rule 121(b). Petitioner resided in California when he filed his petition.

Petitioner filed a timely Federal income tax return for 2013, reporting a tax liability of $10,395. Because his tax payments for 2013 exceeded that amount, he reported an overpayment on his 2013 return and elected to have the overpayment applied to his tax liability for 2014.

The IRS selected petitioner's 2013 return for examination. It made numerous adjustments to that return, including the disallowance (for lack of substantiation) of deductions for several hundred thousand dollars of business expenses reported on his Schedule C, Profit or Loss From Business. On April 28, 2016, the

---

[1]All statutory references are to the Internal Revenue Code in effect at all relevant times, and all Rule references are to the Tax Court Rules of Practice and Procedure. We round all monetary amounts to the nearest dollar.

[*3] examining agent sent petitioner a 30-day letter proposing a deficiency in tax of $156,326 and an accuracy-related penalty of $31,265.

On June 28, 2016, having received no satisfactory response from petitioner, the IRS sent him a timely notice of deficiency via certified mail to his last known address. The notice advised petitioner that, if he wished to challenge the adjustments to his 2013 tax liability, he needed to petition this Court within 90 days. See sec. 6213(a). He did not do so. Accordingly, on February 13, 2017, the IRS assessed the deficiency and accuracy-related penalty set forth in the notice of deficiency along with additional interest. Petitioner did not pay this liability upon notice and demand for payment.

In an effort to collect this unpaid liability the IRS filed an NFTL on February 27, 2018, and sent petitioner a timely Notice of Federal Tax Lien Filing and Your Right to a Hearing. He timely requested a CDP hearing. In his request he did not check the box indicating that he was seeking a collection alternative or requesting lien withdrawal. He listed as his reason for disputing collection that he had "filed [his] 2013 Form 1040" and "did not owe any tax."

The case was assigned to a settlement officer (SO) in the IRS Office of Appeals in Holtsville, New York. The SO sent petitioner a letter scheduling a telephone CDP hearing for June 13, 2018. In the letter the SO explained the issues

**[\*4]** that she would consider during the hearing, including the possible availability of collection alternatives. The SO advised petitioner that, in order for her to consider a collection alternative, he needed to provide: (1) a completed Form 433-A, Collection Information Statement for Wage Earners and Self-Employed Individuals; (2) copies of signed income tax returns for 2014-2017, which IRS records showed that he had not filed; and (3) proof that he was current with estimated tax payments. The SO explained that petitioner's receipt of a notice of deficiency for 2013 would preclude him from disputing his tax liability for 2013 but that he could request "audit reconsideration" as an alternative. She attached IRS Publication 3598, What Should You Know About The Audit Reconsideration Process.

Petitioner did not submit a Form 433-A or copies of tax returns for 2014-2017, and he did not otherwise communicate with the SO before the scheduled hearing. The SO reviewed his administrative file and confirmed that the tax liability in question had been properly assessed and that all other requirements of applicable law and administrative procedure had been met. Specifically, she determined that the notice of deficiency was properly sent to his last known address and that respondent had timely secured supervisory approval of the accuracy-related

[*5] penalty. After checking IRS records, the SO determined that petitioner had made no estimated tax payments for 2018.

Petitioner did not call the SO for the scheduled hearing. On June 14, 2018, the SO sent him a "last chance" letter noting that he had missed the conference and inviting him to send her, within 14 days, any information that he wanted her to consider. On June 28, 2018, petitioner sent a fax to the SO stating that, although he did not have adequate substantiation for his expenses during the examination of his 2013 return, he now had documentation that he would like reviewed. He stated that he and his tax return preparer were working on his 2014-2017 tax returns and requested an additional 21 days to complete them.

On June 29, 2018, the SO called petitioner but could not reach him. She left a voice message stating that she would not permit additional time to submit the un-filed tax returns. She advised him to review IRS Publication 3598 (a copy of which she had sent him earlier) and follow its instructions about submitting documentation in connection with a request for audit reconsideration. She asked that he return her call, stating that she would otherwise proceed to close the case; he did not return her call or make any further submissions. On July 31, 2018, having waited over a month, the SO closed the case.

[*6]   On August 2, 2018, the IRS issued petitioner a notice of determination sustaining the NFTL filing.  Petitioner filed a timely petition in which he contended that he was not given "a chance to provide substantiation records."  On July 11, 2019, respondent filed a motion for summary judgment.  The Court directed petitioner to respond to that motion by August 5, 2019, warning that failure to respond could result in a decision against him.  See Rule 121(d).  Petitioner filed no response.  On September 4, 2019, the Court denied respondent's motion for summary judgment without prejudice, noting possible uncertainty as to whether the IRS during the examination of petitioner's 2013 return had secured supervisory approval for the accuracy-related penalty.  See sec. 6751(b)(1).

On October 18, 2019, respondent filed a second motion for summary judgment and an accompanying declaration.  That declaration supplemented the declaration submitted with respondent's first motion by attaching (among other things) a copy of a Civil Penalty Approval Form executed by the examining agent and signed by his supervisor on April 28, 2016.  We directed petitioner to respond to the motion by November 24, 2019, warning that "under Tax Court Rule 121(d), judgment may be entered against a party who fails to respond to a Motion for Summary Judgment."  Again he did not respond.

**[\*7]**                                   Discussion

A.     Summary Judgment Standard

The purpose of summary judgment is to expedite litigation and avoid costly, time-consuming, and unnecessary trials.  Fla. Peach Corp. v. Commissioner, 90 T.C. 678, 681 (1988).  The Court may grant summary judgment when there is no genuine dispute as to any material fact and a decision may be rendered as a matter of law.  Rule 121(b); Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), aff'd, 17 F.3d 965 (7th Cir. 1994).  Where the moving party properly makes and supports a motion for summary judgment, "an adverse party may not rest upon the mere allegations or denials of such party's pleading" but must set forth specific facts, by affidavit or otherwise, showing that there is a genuine dispute for trial. Rule 121(d).

Because petitioner did not respond to the motion for summary judgment, we could enter decision against him for that reason alone.  See Rule 121(d).  We will nevertheless consider the motion on its merits.  We conclude that no material facts are in genuine dispute and that this case is appropriate for summary adjudication.

B.     Standard of Review

Neither section 6320(c) nor section 6330(d)(1) prescribes the standard of review that this Court should apply in reviewing an IRS administrative determina-

[*8] tion in a CDP case. The general parameters for such review are marked out by our precedents. Where the validity of the taxpayer's underlying tax liability is properly at issue, we review the IRS' determination de novo. Goza v. Commissioner, 114 T.C. 176, 181-182 (2000). Where the taxpayer's underlying liability is not before us, we review the IRS' decision for abuse of discretion only. See id. at 182.

A taxpayer may dispute his underlying liability in a CDP case if he did not receive a valid notice of deficiency or otherwise have a prior opportunity to contest his liability. Sec. 6330(c)(2)(B); Sego v. Commissioner, 114 T.C. 604, 609 (2000). A notice of deficiency is valid if it was properly mailed to the taxpayer at his last known address. Sec. 6212(b)(1); Hoyle v. Commissioner, 131 T.C. 197, 200, 203-204 (2008), supplemented by 136 T.C. 463 (2011). A taxpayer's last known address is generally the address appearing on his "most recently filed and properly processed Federal tax return." Sec. 301.6212-2(a), Proced. & Admin. Regs.

The administrative record shows that the IRS mailed a valid notice of deficiency to petitioner's last known address. He did not dispute receipt of that notice, either before the SO or in his petition. His underlying tax liability for 2013 therefore is not properly before us, and we review the SO's action for abuse of discre-

**[\*9]** tion only.  See sec. 6330(c)(2)(B); Goza, 114 T.C. at 182.  Abuse of discretion exists when a determination is arbitrary, capricious, or without sound basis in fact or law.  See Murphy v. Commissioner, 125 T.C. 301, 320 (2005), aff'd, 469 F.3d 27 (1st Cir. 2006).

C.     Abuse of Discretion

In deciding whether the SO abused her discretion in sustaining the NFTL filing, we consider whether she:  (1) properly verified that the requirements of any applicable law or administrative procedure have been met, (2) considered any relevant issues petitioner raised, and (3) determined whether "any proposed collection action balances the need for the efficient collection of taxes with the legitimate concern of * * * [petitioner] that any collection action be no more intrusive than necessary."  See sec. 6330(c)(3).  Our review of the record establishes that the SO properly discharged all of her responsibilities under section 6330(c).

The SO properly verified that all applicable legal and administrative requirements had been met.  The SO confirmed that the notice of deficiency for 2013 was sent to petitioner's last known address and that his tax liability was properly assessed.  And she verified that supervisory approval was secured for imposition of the accuracy-related penalty, as required by section 6751(b)(1).  The record includes a copy of a Civil Penalty Approval Form, signed by the examining

**[\*10]** agent's supervisor on April 28, 2016.[2]  That was the date on which the IRS issued petitioner a 30-day letter notifying him that "the Examination Division ha[d] completed its work and ha[d] made a definite decision to assert penalties." See Belair Woods, LLC v. Commissioner, 154 T.C. __, __ (slip. op. at 16) (Jan. 6, 2020).

Although petitioner was precluded from challenging his underlying liability in the CDP hearing, the SO gave him instructions about how to pursue audit reconsideration.  A "grant of audit reconsideration is discretionary and any audit is conducted outside the CDP process."  Durda v. Commissioner, T.C. Memo. 2017-89, 113 T.C.M. (CCH) 1420, 1422 n.3; see Ludlam v. Commissioner, T.C. Memo. 2019-21, at \*9 n.3 (noting that the taxpayers could seek audit reconsideration but that "such reconsideration is not subject to judicial review").  An SO does not abuse her discretion in declining to wait for the results of a request for audit reconsideration before issuing a notice of determination.  See Jones v. Commissioner,

---

[2]In her declaration the SO averred that the Civil Penalty Approval Form was part of petitioner's examination file and that she reviewed it as part of her verification.  Under Ninth Circuit precedent (the Circuit to which appeal of this case would lie) the scope of our review is generally limited to the administrative record. See Keller v. Commissioner, 568 F.3d 710, 718 (9th Cir. 2009), aff'g in part T.C. Memo. 2006-116, and aff'g in part, vacating in part decisions in related cases. The Civil Penalty Approval Form appears to have been a part of the administrative record but was inadvertently omitted from the exhibits attached to the declaration submitted with respondent's first motion for summary judgment.

[*11] T.C. Memo. 2007-142, 93 T.C.M. (CCH) 1312, 1313.  In any event petitioner made no effort actually to seek audit reconsideration even though the SO twice invited him to do so.

Petitioner was entitled to request a collection alternative, such as an offer-in-compromise or an installment agreement.  But petitioner made no concrete proposal for a collection alternative, and the SO was not required to make one for him.  See Gentile v. Commissioner, T.C. Memo. 2013-175, 106 T.C.M. (CCH) 75, 77, aff'd, 592 F. App'x 824 (11th Cir. 2014); Veneziano v. Commissioner, T.C. Memo. 2011-160, 102 T.C.M. (CCH) 22, 24; Cavazos v. Commissioner, T.C. Memo. 2008-257, 96 T.C.M. (CCH) 341, 344.

The SO outlined what petitioner needed to submit in order for her to consider a collection alternative:  a Form 433-A with supporting financial information, copies of signed unfiled tax returns, and proof of current estimated tax payments.  Petitioner submitted none of this information by the SO's deadlines.  Given his failure to call in for the hearing and his failure to submit documents in timely fashion, the SO did not abuse her discretion in declining to give him additional time to submit copies of his four unfiled tax returns.[3]

_____

[3]Petitioner did not seek lien withdrawal in his request for a CDP hearing or submit any evidence regarding his entitlement to lien withdrawal under section

(continued...)

**[*12]** Finding no abuse of discretion in any respect, we will grant summary judgment for respondent and sustain the collection action. We note that petitioner is free to submit to the IRS at any time, for its consideration and possible acceptance, a collection alternative in the form of an offer-in-compromise or an installment agreement, supported by the necessary financial information.

To reflect the foregoing,

<u>An appropriate order and decision</u>

<u>will be entered for respondent</u>.

---

³(...continued) 6323(j). Accordingly, that issue was not properly raised and is not before us. <u>See</u> <u>Giamelli</u>, 129 T.C. 107, 113 (2007); <u>Lunnon v. Commissioner</u>, T.C. Memo. 2015-156, 110 T.C.M. (CCH) 182, 186, <u>aff'd</u>, 652 F. App'x 623 (10th Cir. 2016); sec. 301.6320-1(f)(2), Q&A-F3, Proced. & Admin. Regs.