# United States Tax Court

T.C. Memo. 2025-10

CAROL MAHR BESORE,
Petitioner

v.

COMMISSIONER OF INTERNAL REVENUE,
Respondent

————

Docket No. 12087-20L.　　　　　　　　　　　Filed January 30, 2025.

————

Carol Mahr Besore, pro se.

*Michael S. Hensley* and *Julia Kapchinskiy*, for respondent.

## MEMORANDUM OPINION

LANDY, *Judge*: In this collection due process (CDP) case petitioner, Carol Mahr Besore, seeks review pursuant to section 6330(d)(1)[1] of a determination by the Internal Revenue Service (IRS) Independent Office of Appeals (Appeals Office) upholding a proposed levy to collect unpaid income tax liabilities for taxable years 2009 and 2014 through 2017 (years in issue). The Commissioner moved for summary judgment, contending that there are no disputed issues of material fact and that the Appeals Office's determination to sustain the proposed levy was proper as a matter of law. For the reasons stated below, we agree with the Commissioner, and we will grant summary judgment.

------

[1] Unless otherwise indicated, statutory references are to the Internal Revenue Code, Title 26 U.S.C., in effect at all relevant times, regulation references are to the *Code of Federal Regulations*, Title 26 (Treas. Reg.), in effect at all relevant times, and Rule references are to the Tax Court Rules of Practice and Procedure. All monetary amounts are rounded to the nearest dollar.

**[\*2]**                                    *Background*

The following facts are derived from the parties' pleadings and Motion papers, including accompanying Exhibits attached to the Commissioner's Motion, and the two settlement officers' Declarations with additional attached Exhibits. Together these Declarations and Exhibits constitute the administrative record of the CDP proceeding.

I.    *Ms. Besore's Tax Liabilities*

A.    *Taxable Years 2009, 2016, and 2017*

Ms. Besore filed federal income tax returns for taxable years 2009, 2016, and 2017, reporting tax liabilities of $3,316, $6,553, and $6,595, respectively. The IRS assessed the reported tax liabilities and statutory interest, as well as additions to tax for failure to timely file her 2009 tax return, *see* § 6651(a)(1), and failure to timely pay tax for 2009, 2016, and 2017, *see* § 6651(a)(2). As of December 2, 2021, Ms. Besore's outstanding tax liability for these three taxable years totaled $4,482.

B.    *Taxable Year 2014*

Ms. Besore and Mitchell D. Murphy timely filed a 2014 Form 1040, U.S. Individual Income Tax Return. The return reported a tax liability of $3,761 and withholdings of $7,353, resulting in an overpayment of $3,592.[2] The IRS Automated Underreporter (AUR) Program[3] determined a mismatch between the income reported on their 2014 Form 1040 and shown on Form SSA–1099, Social Security Benefit Statement. The IRS sent Ms. Besore and Mr. Murphy a Notice CP 2000 dated July 25, 2016, which is a notice sent to taxpayers when their return information does not match data reported to the IRS by employers, financial institutions, and other third parties. Because neither Ms. Besore nor Mr. Murphy responded to the Notice CP 2000, the IRS mailed to them a Notice of Deficiency, dated October 17, 2016,

---

[2] Pursuant to section 6402(a), the IRS applied the entire overpayment to a liability due and owing for taxable year 2010.

[3] The AUR program matches "third-party-reported payment information against [the taxpayers'] already-filed" tax return. *Essner v. Commissioner*, T.C. Memo. 2020-23, at \*11. When there is a discrepancy, the AUR program calculates a proposed deficiency based on the statutory scheme and prepares a letter to the taxpayer requesting an explanation for the discrepancy. Significant Service Center Advice 200211040 (Mar. 15, 2002). If the taxpayer does not respond, the program will issue a Notice of Deficiency. *Id*. If the taxpayer does not respond to the Notice of Deficiency, the proposed deficiency will be assessed. *Id*.

[*3] at their Vista, California, address (Vista address), determining a deficiency of $3,600. No petition was filed challenging the deficiency. Accordingly, the IRS made a default assessment of the deficiency and statutory interest on February 27, 2017. As of December 2, 2021, Ms. Besore's outstanding tax liability for 2014 totaled $3,843.

### C. *Taxable Year 2015*

Ms. Besore timely filed her 2015 Form 1040 as head of household. The return reported a tax liability of $5,976 and withholdings of $8,247, resulting in an overpayment of $2,271.[4] The IRS AUR Program again determined a mismatch between the income Ms. Besore reported on her 2015 Form 1040 and that shown on Form 1099–MISC, Miscellaneous Income, received from a third party. The IRS sent Ms. Besore another Notice CP 2000 dated July 24, 2017. Ms. Besore did not respond to the Notice CP 2000, and the IRS mailed to her a Notice of Deficiency, dated November 6, 2017, at her Vista address, determining a deficiency of $1,857. Ms. Besore did not file a petition challenging the deficiency. The IRS made a default assessment of the deficiency and statutory interest on June 4, 2018. As of December 2, 2021, Ms. Besore's outstanding tax liability for 2015 totaled $2,026.

## II. *Issuance of the Levy Notices and the CDP Hearing Request*

On April 5, 2019, the IRS mailed Ms. Besore three Notices LT11, Notice of Intent to Levy and Notice of your Right to a Hearing (Levy Notices), for the years in issue. In response Ms. Besore timely filed Form 12153, Request for a Collection Due Process or Equivalent Hearing (CDP Hearing Request Form).[5] While the box for a collection alternative on the CDP Hearing Request Form was not checked, Ms. Besore attached a letter stating her general disagreement with the IRS's handling of her tax account and seemed to challenge her underlying tax liabilities for the years in issue.

---

[4] Of this overpayment amount, the IRS applied an overpayment credit offset of $63, and pursuant to section 6402(a), the IRS applied $805 and $1,403, respectively, to taxable years 2009 and 2010.

[5] Ms. Besore also requested a CDP hearing for taxable years 2010 through 2013 and 2018 (non-CDP taxable years). However, on August 3, 2022, the Court granted the Commissioner's Motion to Dismiss for Lack of Jurisdiction as to the non-CDP taxable years on the ground that no Notice of Deficiency, Notice of Determination, or any other notice was issued to Ms. Besore conferring jurisdiction on this Court.

**[\*4]** This CDP case was originally assigned to Settlement Officer Perez (SO Perez), who verified that Ms. Besore's liabilities were properly assessed and that all requirements of applicable law and administrative procedure were met. On October 25, 2019, SO Perez sent Ms. Besore a letter scheduling a telephone conference for December 3, 2019, and she requested that Ms. Besore execute and submit Form 433–A, Collection Information Statement for Wage Earners and Self-Employed Individuals, with supporting income and expense documentation for consideration of a collection alternative.

Ms. Besore failed to respond to the letter or call in for the scheduled hearing on December 3, 2019. On December 4, 2019, SO Perez sent Ms. Besore a Letter 4000, Collection Due Process Last Chance Letter, to her Vista address, providing Ms. Besore until December 18, 2019, to submit Form 433–A and the supporting documentation. SO Perez reiterated that alternatively Ms. Besore qualified for a Streamlined Installment Agreement (IA) to pay the liabilities for the years in issue, and she provided Ms. Besore with the required forms to initiate the Streamlined IA. However, the December 4, 2019, letter was returned to the IRS because of an incorrect address. SO Perez reissued Letter 4000 on February 28, 2020, to Ms. Besore's corrected mailing address in Oceanside, California. Again, SO Perez requested a completed Form 433–A with supporting documents or, alternatively, an executed Form 433–D, Installment Agreement, by March 13, 2020. Ms. Besore did not respond by the deadline, and the case was closed.

On September 1, 2020, the IRS issued a Notice of Determination Concerning Collection Action Under Section 6320 and/or 6330 (Notice of Determination) to Ms. Besore sustaining the proposed levy to collect the unpaid tax liabilities for the years in issue.

III.  *Tax Court Proceedings*

On October 6, 2020, Ms. Besore, while residing in California, timely petitioned this Court for review of the Notice of Determination. In the Petition Ms. Besore asserted that the Commissioner erred in that he (1) improperly applied payments from seized overpayments, (2) failed to treat her with "honesty, transparency, and respect," and (3) failed to assign a specific IRS employee to her tax account who could negotiate and authorize a settlement of the tax liabilities due and owing.

On August 10, 2021, the parties filed a Joint Motion to Remand to return this case to the Appeals Office for a supplemental hearing. The

[*5] parties sought a remand to allow the Appeals Office to (1) address the application of payments to Ms. Besore's tax account for the years in issue, (2) consider whether Ms. Besore was entitled to a collection alternative, and (3) review any financial information provided to assist the Appeals Office in making a supplemental determination. On August 18, 2021, the Court granted the Motion, and this case was remanded for supplemental proceedings.

IV.    *Supplemental CDP Hearing*

The supplemental CDP hearing was assigned to Settlement Officer Blue (SO Blue) who also verified that Ms. Besore's liabilities were properly assessed and that all requirements of applicable law and administrative procedure were met. By letter dated August 31, 2021, SO Blue scheduled the supplemental CDP hearing for November 3, 2021, and she requested that Ms. Besore provide her with a completed Form 433–A and supporting documentation, a copy of the filed 2020 Form 1040, and documents to support her contention that the IRS misapplied payments for various taxable years.[6]

On September 21, 2021, Mr. Murphy, as representative under a power of attorney for Ms. Besore, contacted SO Blue to state his preference for an in-person CDP hearing. Because of the coronavirus pandemic and pursuant to the Appeals Office's guidelines, SO Blue explained to Mr. Murphy that an in-person hearing would not occur. By letter dated September 22, 2021 (September 22 letter), SO Blue confirmed that an in-person conference was not possible and that the IRS received and processed Ms. Besore's 2020 Form 1040. In lieu of providing a completed Form 433–A, SO Blue offered Ms. Besore a Streamlined IA of $174 per month which could be established by executing Form 433–D.

Upon receiving the September 22 letter, Mr. Murphy contacted SO Blue and insisted that he and Ms. Besore be able to provide written correspondence, in addition to a virtual hearing, to dispute the Levy Notices. SO Blue again reminded Mr. Murphy that he needed to provide her with Form 433–A and information regarding the misapplication of any payments before the remote conference. Upset with SO Blue's continued request for a financial statement, Mr. Murphy contacted an Appeals Office employee in Washington, D.C. On September 28, 2021,

---

[6] To assist Ms. Besore and Mr. Murphy in preparing a response as to the alleged misapplication of payments, SO Blue provided them with account transcripts for the years in issue for their review and consideration.

[*6] SO Blue contacted Mr. Murphy regarding his communication with the IRS National Office. Upset because he was speaking with SO Blue instead of an Appeals Office manager, Mr. Murphy stated that he would not provide any documents to SO Blue, and he requested a telephone conference with her manager. SO Blue informed him that she would have to issue a Supplemental Notice of Determination if he refused to go forward with a hearing with her and did not supply documents. After the call, SO Blue notified her manager, Appeals Team Manager Holbrook (ATM Holbrook), of Mr. Murphy's request for a telephone conference.

On September 29, 2021, ATM Holbrook contacted Mr. Murphy regarding the CDP hearing. During the call, Mr. Murphy maintained that the IRS failed to properly apply overpayments to Ms. Besore's accounts for taxable years 2010 through 2015. ATM Holbrook instructed Mr. Murphy to provide SO Blue with copies of Ms. Besore's 2010 Form W–2, Wage and Tax Statement, to challenge the 2010 tax liability and a completed Form 433–A for review by October 14, 2021. ATM Holbrook stated that SO Blue would again provide Mr. Murphy with Ms. Besore's tax account transcripts for taxable years 2009 through 2020. Mr. Murphy told ATM Holbrook that he wanted to proceed with a remote CDP hearing conference. SO Blue provided the requested account transcripts to Ms. Besore on October 1, 2021. Ms. Besore failed to provide her 2010 Form W–2 or a completed Form 433–A by the October 14, 2021, deadline.

On October 21, 2021, Ms. Besore faxed a partially completed Form 433–A to SO Blue, but she did not include any spousal personal or financial information, or substantiation for her income and expenses. Ms. Besore also failed to provide a 2010 Form W–2 to support her assertion that she paid taxes through withholding for tax year 2010. Despite multiple conversations with SO Blue and ATM Holbrook, Ms. Besore alleged that she owed only $6,639 to the IRS, and she made an offer to compromise her liabilities by agreeing to pay them in 67 payments of $100 per month. On October 26, 2021, SO Blue determined that Ms. Besore's proposed offer was not valid and her Form 433–A was not sufficient because no supporting documentation was ever provided.

On November 3, 2021, the Appeals Office issued a Supplemental Notice of Determination Concerning IRS Collection Actions under Internal Revenue Code Sections 6320 or 6330 sustaining the issuance of the Levy Notices. SO Blue determined that Ms. Besore failed to (1) attend the supplemental hearing scheduled for November 3, 2021,

[*7] (2) provide a completed financial statement for SO Blue to consider a collection alternative, and (3) complete Form 433–D for a Streamlined IA. The Appeals Office also rejected Ms. Besore's proposed offer-in-compromise (OIC) because its terms did not reflect her ability to pay or fit any administrative criteria for a collection alternative.

## V.      *Motion for Summary Judgment*

On April 19, 2022, the Commissioner filed a Motion for Summary Judgment. Ms. Besore filed an (unsigned) Objection to the Motion for Summary Judgment, as supplemented. Ms. Besore did not make factual allegations regarding errors in SO Blue's determination. Instead, Ms. Besore lamented the conduct of counsel for the Commissioner during these proceedings. Ms. Besore neither rebutted the Commissioner's assertions of no genuine dispute of material fact nor provided legal arguments as to why summary adjudication is not appropriate.

## *Discussion*

## I.      *General Principles*

### A.      *Standard of Review*

Section 6330(d)(1) grants this Court jurisdiction to review the administrative determination by the Appeals Office in connection with a CDP hearing. Where the validity of a taxpayer's underlying tax liability is properly at issue, we review the determination de novo. *Sego v. Commissioner*, 114 T.C. 604, 609–10 (2000). Where the validity of the underlying tax liability is not properly at issue, the Court will review the settlement officer's determination for abuse of discretion. *Id.* at 610. Abuse of discretion exists when a determination is "arbitrary, capricious, or without sound basis in fact or law." *Murphy v. Commissioner*, 125 T.C. 301, 320 (2005), *aff'd*, 469 F.3d 27 (1st Cir. 2006).

When this Court remands a case to the Appeals Office, the second hearing supplements the taxpayer's original CDP hearing and is not a new hearing in and of itself. *Kelby v. Commissioner*, 130 T.C. 79, 86 (2008) (citing *Drake v. Commissioner*, T.C. Memo. 2006-151, *aff'd*, 511 F.3d 65 (1st Cir. 2007)). Hence, we review the administrative position of the supplemental determination. *Id.* at 86–87.

**[\*8]** B.   *Scope of Review*

Absent the parties' stipulation to the contrary, *see* § 7482(b)(2), our decision is appealable to the U.S. Court of Appeals for the Ninth Circuit, *see* § 7482(b)(1)(G)(i). The Ninth Circuit has held that the scope of review in the CDP context is confined to the administrative record, where a de novo review is not applicable. *See Keller v. Commissioner*, 568 F.3d 710, 718 (9th Cir. 2009), *aff'g in part* T.C. Memo. 2006-166, *and aff'g in part, vacating in part* decisions in related cases. De novo review is not available in this case for the reasons discussed below, and Ms. Besore has supplied no reason to believe that the administrative record in this case is incomplete. Therefore, our review is limited to deciding whether the IRS's action is supported by the administrative record and is not "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." *Belair v. Commissioner*, 157 T.C. 10, 17 (2021) (quoting *Van Bemmelen v. Commissioner*, 155 T.C. 64, 79 (2020)).

II.   *Analysis*

A.   *Challenge to the Underlying Liabilities*

A taxpayer may challenge the existence or amount of the underlying liability in a CDP proceeding only if the taxpayer "did not receive any statutory notice of deficiency for such tax liability or did not otherwise have an opportunity to dispute such tax liability." § 6330(c)(2)(B). When an underlying liability is reported by a taxpayer on a return and summarily assessed by the IRS, the taxpayer may still challenge that liability's existence or amount so long as she did not otherwise have an opportunity to dispute that tax liability. *See Montgomery v. Commissioner*, 122 T.C. 1, 8–9 (2004). Because Ms. Besore failed to properly challenge the underlying tax liabilities, we will review the Commissioner's supplemental determination for abuse of discretion.[7] *See Pough v. Commissioner*, 135 T.C. 344, 350 (2010); *Goza v. Commissioner*, 114 T.C. 176, 182 (2000).

---

[7] During the CDP hearing, Mr. Murphy disputed Ms. Besore's receipt of a Notice of Deficiency for taxable year 2010, a year not before this Court. Conversely, Ms. Besore did not dispute receipt of the Notice of Deficiency or otherwise challenge the underlying tax liabilities for 2014 and 2015. Ms. Besore is therefore unable to challenge the liabilities for these two tax years. *See Giamelli v. Commissioner*, 129 T.C. 107, 112–16 (2007); Treas. Reg. § 301.6330-1(f)(2), Q&A-F3. We also decline to review a challenge to the underlying liabilities for taxable years 2009, 2016, and 2017 because

**[\*9]** B.    *Abuse of Discretion*

In deciding whether SO Blue abused her discretion, we consider whether she (1) properly verified that the requirements of applicable law or administrative procedure have been met, (2) considered any relevant issues Ms. Besore raised, and (3) considered "whether any proposed collection action balances the need for the efficient collection of taxes with [Ms. Besore's] legitimate concern . . . that any collection action be no more intrusive than necessary." *See* § 6330(c)(3). We conclude that SO Blue satisfied these statutory requirements.

1.    *Verification Requirement*

We have authority to review satisfaction of the verification requirement regardless of whether the taxpayer raised that issue at the CDP hearing. *See Hoyle v. Commissioner*, 131 T.C. 197, 200–03 (2008), *supplemented by* 136 T.C. 463 (2011). Ms. Besore did not challenge the verification requirement, but we conclude from the record that SO Blue conducted a thorough review of Ms. Besore's account transcripts and verified that all applicable requirements were met. *See* Rule 331(b)(4) (deeming conceded any issue not raised in the assignments of error).

2.    *Issues Raised by Ms. Besore*

a.    *Application of Payments for the Years in Issue*

Ms. Besore challenged the application of payments, asserting that the Commissioner did not properly credit overpayments to her tax account. For example, Ms. Besore maintained that her tax withholdings for tax year 2010 were not credited to offset additional liability owed. Because Ms. Besore did not file a return for 2010, a substitute for return was prepared by the IRS which did not include tax withholdings and other possible deductions. SO Blue allowed Ms. Besore time to submit a Form W–2 showing tax withholdings, but Ms. Besore failed to do so. SO Blue also provided Ms. Besore with account transcripts showing that the IRS properly applied overpayments from taxable years not in issue against Ms. Besore's liability for 2009. The transcripts also reflected that the IRS credited Ms. Besore's overpayments for 2011 through 2015 against her liability for 2010 as permitted under section 6402(a).

---

Ms. Besore's contention concerns application of payments, and our standard of review in that context is abuse of discretion. *See Melasky v. Commissioner*, 151 T.C. 89, 92 (2018), *aff'd*, 803 F. App'x 732 (5th Cir. 2020).

**[\*10]** SO Blue provided Ms. Besore with additional time to provide other documents to support her assertion of misapplied overpayments. Ms. Besore provided no additional documents. Therefore, we conclude that SO Blue properly determined that the IRS correctly applied all payments to Ms. Besore's tax account and did not abuse her discretion when she rejected unsupported arguments that the IRS failed to properly apply overpayments to Ms. Besore's tax account. *See Golub v. Commissioner*, T.C. Memo. 2013-196, at \*8–9.

b.      *Collection Alternatives*

In a CDP proceeding a taxpayer "may raise at the hearing any relevant issue relating to the unpaid tax or the proposed levy, including . . . offers of collection alternatives, which may include . . . an installment agreement, or an offer-in-compromise." § 6330(c)(2)(A)(iii). Generally, when a taxpayer fails to supply a settlement officer with required forms and financial documents, it is not an abuse of discretion to deny a collection alternative and sustain the proposed collection action. *Mahlum v. Commissioner*, T.C. Memo. 2010-212, 2010 WL 3835741, at \*1 (citing *Swanton v. Commissioner*, T.C. Memo. 2010-140); *see also* Treas. Reg. § 301.6330-1(e)(1) ("Taxpayers will be expected to provide all relevant information requested by Appeals, including financial statements, for its consideration of the facts and issues involved in the hearing.").

i.      *Installment Agreement*

Section 6159(a) authorizes the IRS to enter into a written agreement allowing a taxpayer to pay a liability "in installment payments if the Secretary determines that such agreement will facilitate full or partial collection of such liability." The decision to accept or reject an installment agreement lies within the discretion of the Commissioner. *See Thompson v. Commissioner*, 140 T.C. 173, 179 (2013) (first citing *Kuretski v. Commissioner*, T.C. Memo. 2012-262, at \*9, *aff'd*, 755 F.3d 929 (D.C. Cir. 2014); and then citing Treas. Reg. § 301.6159-1(a), (c)(1)(i)). Installment agreements "should reflect [a] taxpayer['s] ability to pay on a monthly basis throughout the duration of agreements." *Hartmann v. Commissioner*, T.C. Memo. 2024-46, at \*12 (quoting Internal Revenue Manual 5.14.1.4(4) (Sept. 22, 2021)); *see Boulware v. Commissioner*, T.C. Memo. 2014-80, at \*29 ("[A] settlement officer may accept, at a minimum, a monthly payment equal to the excess of a taxpayer's monthly income over the taxpayer's allowable expenses."), *aff'd*, 816 F.3d 133 (D.C. Cir. 2016).

**[\*11]** Because Ms. Besore belatedly provided Form 433–A without supporting documents, SO Blue again proposed a Streamlined IA of $174 per month. Ms. Besore did not return an executed Form 433–D to SO Blue, thereby rejecting the proposed IA. While Ms. Besore completed a Form 433–A, she failed to provide documentation reflecting all sources of income and expenses reported. Ms. Besore had multiple opportunities to provide supporting documents, but she did not. It was within SO Blue's discretion to reject a request for a collection alternative beyond the streamlined IA, which Ms. Besore did not accept. *See McLaine v. Commissioner*, 138 T.C. 228, 243 (2012). We find that SO Blue did not abuse her discretion in denying Ms. Besore an IA.

### ii. *OIC*

Section 7122(a) authorizes the IRS to compromise an outstanding tax liability, but it is up to the taxpayer to propose an OIC for the Appeals Office's consideration. *Reed v. Commissioner*, 141 T.C. 248, 254 (2013), *supplemented by* T.C. Memo. 2014-41; *Hill v. Commissioner*, T.C. Memo. 2023-58, at \*8. A taxpayer who wishes to pursue an OIC may submit Form 656, Offer in Compromise. In the absence of a completed Form 656, a taxpayer may submit a written OIC that she signed under penalty of perjury and that contains all the information prescribed or requested by the Secretary. Treas. Reg. § 301.7122-1(d)(1). It is not an abuse of discretion for the settlement officer to sustain a collection action where the taxpayer fails to document the OIC on a completed Form 656. *See Gentile v. Commissioner*, T.C. Memo. 2013-175, at \*9, *aff'd*, 592 F. App'x 824 (11th Cir. 2014); *see also Rafiee v. Commissioner*, T.C. Memo. 2023-119, at \*8–9.

In a fax dated October 20, 2021, Ms. Besore offered to make monthly payments of $100 for 67 months to satisfy her tax liabilities. Ms. Besore did not submit an OIC on Form 656 for investigation by the IRS. While Ms. Besore submitted her OIC in writing, it was not signed by her under the penalty of perjury, and it failed to contain all required information for consideration by the IRS. Therefore, it was within SO Blue's discretion to reject Ms. Besore's proposed OIC because no valid offer was placed before her. We determine that SO Blue did not abuse her discretion when she rejected Ms. Besore's purported OIC. *See Lipka v. Commissioner*, T.C. Memo. 2022-116, at \*10–11; *Wolfson v. Commissioner*, T.C. Memo. 2022-46, at \*6.

**[\*12]**  c.  *Face-to-face CDP hearing*

During the CDP proceedings Ms. Besore requested a face-to-face (or in-person) hearing instead of a remote hearing, which SO Blue denied because of policies related to the coronavirus pandemic. A face-to-face CDP hearing is not required by section 6330, and a hearing may instead be conducted by telephone, correspondence, or review of documents. *See Katz v. Commissioner*, 115 T.C. 329, 337–38 (2000); *Lipka*, T.C. Memo. 2022-116, at \*11–12; *see also* Treas. Reg. § 301.6330-1(d)(2), Q&A-D6. Additionally, a settlement officer may deny a request for a face-to-face hearing when a taxpayer refuses to provide requested financial documents. *See Zastrow v. Commissioner*, T.C. Memo. 2010-215, 2010 WL 3981771, at \*3.

As stated in the September 22 letter, face-to-face meetings were not available at the time of the original and supplemental hearings. Ms. Besore also refused to provide all necessary financial information with the partially executed Form 433–A. Ms. Besore was afforded multiple opportunities to discuss the case even though she failed to provide all necessary documents for consideration of a collection alternative. Accordingly, we determine that there was no abuse of discretion in denying Ms. Besore's request for a face-to-face hearing.

3.  *Balancing Obligations*

Ms. Besore did not allege in her Petition or Objection to the Motion that SO Blue failed to consider "whether any proposed collection action balances the need for the efficient collection of taxes with the legitimate concern of the person that any collection action be no more intrusive than necessary." *See* § 6330(c)(3)(C). Ms. Besore thus conceded this issue. *See* Rule 331(b)(4); *CreditGuard of Am., Inc. v. Commissioner*, 149 T.C. 370, 379 (2017). Nonetheless, we are satisfied that SO Blue properly considered the balancing obligations and did not abuse her discretion in sustaining the proposed levy action.

III.  *Conclusion*

Finding no abuse of discretion by SO Blue, we will grant summary judgment for the Commissioner, affirming the Appeals Office's determination to sustain the proposed levy action.

To reflect the foregoing,

*An appropriate order and decision will be entered.*